
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC MCDONALD | : CIVIL ACTION |
| vs. | : |
| ROBERT GILMORE, ET AL. | : NO. 14cv3998 |

MEMORANDUM

YOHN, J.                                                                                                          MARCH 26th, 2015

The accurate and very thorough Report and Recommendation of Magistrate Judge Elizabeth T. Hey recommending dismissal of the petition under 28 U.S.C. § 2254 on timeliness grounds is approved and adopted.

Petitioner objects that the federal one year statute of limitations was tolled while his PCRA petition was pending. This is true only if the PCRA petition was "properly filed;" that is, if it was timely filed under the Pennsylvania one year statute of limitations.

The Superior Court decision on direct appeal was issued on December 12, 2008. Petitioner then had thirty days in which to file a petition for allowance of appeal with the Pennsylvania Supreme Court. He did not do so, so that his direct appeal concluded for statute of limitation purposes on January 11, 2009, thirty days thereafter. Because that day was a Sunday, the potential filing date was extended to January 12, 2009. Petitioner refers in his objections to an additional ninety day period to file a petition for a writ of certiorari with the U.S. Supreme Court. However, he did not have the right to seek certiorari if he did not file a petition for allowance of appeal with the Pennsylvania Supreme Court, as he did not.

Petitioner next objects that the Superior Court decision on direct appeal was not issued until January 26, 2009. As the Superior Court found in its decision on petitioner's PCRA

petition, the Superior Court decision on direct appeal was issued December 12, 2008. Petitioner relies on a date on the docket of the Philadelphia Court of Common Pleas of January 26, 2009. However, the Common Pleas docket clearly reveals that the Superior Court's opinion, as the Superior Court stated, was filed on December 12, 2008. The date to which the petitioner refers is the date on which the Superior Court decision was filed with the Philadelphia Court of Common Pleas, not the Superior Court. This date is irrelevant for statute of limitations purposes.

Petitioner objects on the basis that he submitted his PCRA petition on January 9, 2010 which would make it timely. However, the PCRA court held a hearing on the issue of the filing date at which the petitioner and the mail inspector at SCI Greene testified. Petitioner claimed that he had handed the petition to prison authorities on January 9, 2010; however, it was postmarked on January 19, 2010. The mail inspector testified that the delay between the receipt of the petition by the prison authorities and its mailing could be at most one or two days which would make the filing date January 17, 2010 at the earliest, more than one year after the statute of limitations began to run on January 12, 2009. The trial court found the mail inspector's testimony to be credible and the petitioner's testimony incredible and, therefore, that the petition was untimely. The Pennsylvania Superior Court affirmed this decision on August 28, 2012.

Petitioner's one year period to file a PCRA petition under Pennsylvania law began January 12, 2009. He did not file his PCRA petition until, at best, January 17, 2010 and, therefore, it was untimely as the PCRA court and the Superior Court (as well as Judge Hey) found. Petitioner's PCRA petition not having been filed in a timely manner, it was not "properly filed" under federal law and, therefore, did not toll the federal statute of limitations. Petitioner's federal petition for habeas corpus relief under Section 2254 was filed under the mailbox rule on June 23, 2014, more

than five years after his direct appeal concluded, so that it likewise is untimely. There was no error in the state courts' finding that the PCRA petition was untimely. Under federal law "that is the end of it." Under no interpretation could this be considered "intentional government interference" nor were there any extraordinary circumstances alleged.

Petitioner alleges that the state court's ruling is an unreasonable application of well-established state law. However, he sets forth no facts that would support such a finding. Moreover, a federal habeas corpus action under 28 U.S.C. § 2254 can only be based on violations of the U.S. Constitution or federal law. Nor is there anything alleged by petitioner to support his claim that there was an unreasonable application of clearly established federal law.

Petitioner also alleges that his offer of alibi evidence supports a claim of actual innocence. The magistrate judge's report and recommendation clearly and correctly disposed of this contention. The court adopts her reasoning and nothing more need be added.